**IN THE UNITED STATES BANKRUPTCY COURT FOR
THE DISTRICT OF PUERTO RICO**

**IN RE:**

**MANUEL J MORELL AGRINSONI**

**CASE NO. 11-09111 BKT**

**Chapter 13**

**XXX-XX-7016**

**FILED & ENTERED ON 06/26/2012**

**Debtor(s)**

## Opinion & Order

Before the Court is a motion to dismiss filed by Johana María Martínez Dosal ("Movant") (Dkt No. 77), Debtor's opposition to the motion to dismiss(Dkt No. 87), and Movant's reply (Dkt No. 92). Movant predicates her request for dismissal on Debtor's purported ineligibility to serve as a Debtor under Chapter 13 of the Bankruptcy Code. For the reasons set forth below, the motion to dismiss is GRANTED.

### I. Factual Background

Debtor, Manuel José Morell d/b/a/ Clínica Optométrica Dr. Manuel Morell-Agrisoni, PSC, filed a voluntarypetition under the provisions of Chapter 13 of the Bankruptcy Code on October23, 2011 (Dkt No. 1).On March 28, 2012, Movant filed the motion to dismiss at bar (the "Motion to Dismiss")(Dkt No. 77). The Motion to Dismiss is founded on Debtor's alleged ineligibility to serve as a Chapter 13 Debtor because he operates a for profit professional services corporation ("PSC"),

and not a D/B/A, as asserted by Debtor in his voluntary petition. Movant submitted evidence of the certificate of incorporation signed by Debtor on September 4, 2001 (Exhibit 1, Dkt No. 77). Movant also submitted a copy of a certificate from the Puerto Rico State Department evidencing that Clínica Optométrica Dr. Manuel Morell-Agrisoni, PSC, registry number 1,848 CP, is a for profit professional services corporation that had complied with the filing of the annual reports up to May, 2012, in compliance with the Puerto Rico General Corporations Law of 1995(Exhibit 1, Dkt No. 77).

On April 3, 2012, Debtor filed his opposition to the Motion to Dismiss (Dkt No. 87). In his opposition Debtor admits that his business is a for profit professional services corporation. However, Debtor alleges that by the way he operates his business (to make payments of personal nature such as mortgage payments, car payments, child support payments, etc.) it must be considered as a DBA and not a corporation, for purposes of this bankruptcy case. In turn, Movant filed a reply to Debtor's opposition to motion to dismiss on April 30, 2012, submitting additional information and evidence to contradict Debtor's assertions. (Dkt No. 92).

Confirmation of Debtor's plan was heard on March 29, 2012 (Dkt No. 80). Movant and the other creditors received notice of the plan (Dkt No. 69). The only objections to the confirmation of Debtor's amended plan were filed by Banco Popular de Puerto Rico (Dkt No. 62) and Banco Bilbao Vizcaya Argentaria (Dkt No. 39). The latter withdrew its objection to confirmation prior to commencement of the hearing on confirmation. Debtor orally amended his plan in open court. As a result,Banco Popular de Puerto Rico withdrew its objection to confirmation and the Chapter 13 Trustee informed the Court of his favorable recommendation to the amended plan. (Dkt No. 80).The Court then issued an order confirming Debtor's amended plan of March 23, 2012. (Dkt No. 80).At the hearing, the Court acknowledged that the Motion to Dismiss had been filed a day prior to the hearing, and that the objection period for Debtor to respond was underway. A separate order

confirming Debtor's amended plan was entered on March 29, 2012 (Dkt No. 81).

## II. Discussion

### a. Eligibility requirements for a Chapter 13 Debtor

Section 109(e) of the Bankruptcy Code provides the eligibility requirements for a debtor to obtain relief under Chapter 13. Any individual, even if self-employed or operating an unincorporated business, is eligible for Chapter 13 relief as long as the individual's unsecured debts are less than $360,475 and secured debts are less than $1,081,400. 11 U.S.C. § 109(e).Section 109(e) further provides that only an individual with regular income may be a debtor under Chapter 13. 11 U.S.C. §109(e).The eligibility criteria set forth in Section 109(e) are specific and restrictive.2Collier on Bankruptcy ¶ 109.06.

Section 101 of the Bankruptcy Code defines the term "individual with regular income" as an individual whose income is sufficiently stable and regular to enable such individual to make payments under a plan under Chapter 13, other than a stockbroker or a commodity broker. 11 U.S.C. §109(e). Pursuant to Section 101(41), the term "person" comprises individual, partnership and corporation. It is clear from this definition that an "individual" is a narrower term that a "person". It follows that partnerships and corporations are not eligible to file Chapter 13 cases.

### b. Clínica Optométrica Dr. Manuel Morell-Agrisoni, PSC

The Court finds that Clínica Optométrica Dr. Manuel Morell-Agrisoni, PSC,is a corporation created under the Puerto Rico General Corporations Law of 1995. This is a duly registered and active corporation under the Puerto Rico State Department. As such, this corporation is barred from obtaining relief under Chapter 13 of the Bankruptcy Code. Therefore, this bankruptcy case must be dismissed.

This does not mean that the individual, Manuel José Morell, is precluded from filing for bankruptcy on his own behalf, in which case the assets of the corporation would not be property of the estate,only the debtor's interest in the corporation would be property of the estate.

**III. Conclusion**

Having found that the Debtor fails to meet the requirements of eligibility to be a debtor under Chapter 13 of the Bankruptcy Code, the motion to dismiss is hereby GRANTED.

**IT IS SO ORDERED.**

**San Juan, Puerto Rico this 26 day of June, 2012.**

**Brian K. Tester**
**U.S. Bankruptcy Judge**

**CC:     DEBTOR(S)**
**ANTHONY E. KELLER CHARNECO**
**ALEJANDRO  OLIVERAS RIVERA**